*Alexander E. Hosack et al. ex'rs,* v. *Nehemiah Rogers et al.* J. BLUNT, for appellants ; A. G. ROGERS and A. TABER, for respondent. Appeal by complainants from a decision of the vice chancellor of the first circuit denying an application for an attachment and sequestration against the defendant N. Rogers, to compel the performance of a decree ; an execution having been issued upon the decree and returned unsatisfied. The Chancellor decided that this court will not allow a party to evade the non-imprisonment act by resorting to an attachment for a contempt, or a precept to commit the defendant to prison, upon a decree for the payment of money only, in a case where the legislature has prohibited his imprisonment by execution upon such decree. It *seems*, however, that the case would be different in respect to a mere *interlocutory* order of the court directing a trustee, who admit-

*Attachments for contempts, to enforce civil remedies.*

ted the trust funds to be actually tu his possession or under his control, to bring the same into court for safe keeping.

That the process of sequestration may be resorted to as a means of enforcing the performance of other decrees where an attachment cannot be served, or where the defendant chooses to lie in prison after his commitment for contempt of the court. That choses in action, under certain circumstances, may be effectually reached by sequestrators, although they cannot be seized and sold by the sheriff upon execution. That a sequestration cannot be granted where, by the non-imprisonment act a party cannot be committed, upon execution, or by attachment for not paying the money due upon a decree in a suit founded upon a contract, *it seems.*

*Sequestration; when proper.*

*What may be reached by.*

*Not allowed where defendant cannot be imprisoned.*

Order appealed from affirmed with costs; with liberty to appellants te offset such costs against the amount due upon the decree : provided they elect to do so within sixty days.